IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MORRIS RICHARD JONES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-CR-160-JHP |
| | ) | 08-CV-142-JHP-PJC |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Before the Court is Petitioner Morris Richard Jones' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 38), and his Supplement to the Motion (Docket No. 40). For the reasons set forth below, Jones' Motion is DENIED without evidentiary hearing.

## BACKGROUND

On August 10, 2006, Jones was charged in a criminal complaint with possession of a firearm after conviction of a felony, in violation of 18 U. S. C. § 922(g)(1) and 924(a)(2). On September 7, 2006, a federal grand jury returned a two-count Indictment against Jones charging him with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U. S. C. § 924(c)(1)(A), and possession of firearms and ammunition after former conviction of a felony in violation of 18 U. S. C. § 922(g)(1) and 924(a)(2). On October 25, 2006, Jones pled guilty to Count One of the Indictment, but indicated he wished to go to trial on Count Two. On November 8, 2006, a federal grand jury returned a Superseding Indictment against Jones charging him with possession of firearms and ammunition after former conviction of a felony, in violation of 18 U. S. C. §

1

922(g)(1) and 924(a)(2). On November 9, 2006, Jones decided not to go to trial, instead pleading guilty to the Superseding Indictment. Jones was sentenced on February 28, 2007 to 60 months imprisonment on Count One of the original Indictment and to 24 months on Count One of the Superseding Indictment, both sentences to run consecutive to each other.

On March 10, 2008, Jones filed the instant Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255 (Docket No. 38). In the motion, Jones alleges that: (1) his attorney prejudiced him by "failing to investigate and thoroughly research the law pertaining to the instant case"; (2) his attorney prejudiced his defense when "she allowed the government to present a theory that Jones could be charged without a [p]redicat[e] offense"; and (3) "the Supreme Court made a substantive ruling" in *Watson v. United States*, - - -  U.S. - - -, 128 S.Ct. 579 (2007).

On March 14, 2008, Jones filed a second document titled as a "Motion to Vacate/Set Aside/Correct Sentence" (Docket No. 40) which the Court treated as a supplement to Jones' initial motion. In this supplement, Jones makes essentially the same claims, arguing that: (1) his attorney was ineffective for not objecting to the fact that he was illegally charged with violating 18 U. S. C. § 924(c)(1)(A); and (2) in light of *Watson*, purchasing a gun with drugs does not constitute "use" of the firearm under § 924(c)(1)(A).

Liberally construed, Jones appears to be claiming ineffective assistance of counsel based on: (1) his counsel's failure to argue that trading drugs for a gun does not constitute "use" of the gun under § 924(c)(1)(A); and (2) his counsel's failure to argue the non-existence of a predicate drug trafficking crime.

In response, the Government argues that: (1) Jones has failed to establish ineffective assistance of counsel; and (2) Jones failed to raise his claims on direct appeal and is therefore barred

2

from raising them in this collateral attack.

## DISCUSSION

### A.      The Applicable Standards

As an initial matter, the Court notes that the failure to raise an issue on direct appeal generally bars a petitioner from subsequently raising the same issue on collateral review pursuant to 28 U.S.C. § 2255 unless the petitioner can demonstrate "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense," *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *see United States v. Frady*, 456 U.S. 152, 167 (1982), or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nevertheless, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Because Jones' various pleadings appear to assert only claims of ineffective assistance of counsel, Jones is not procedurally barred from bringing those claims pursuant to a § 2255 motion.

#### 1.      28 U.S.C. § 2255

A petitioner is entitled to relief pursuant to § 2255, if he can prove that: (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Unless the motion and the files and records of the case conclusively show that the movant is not entitled to relief, the court must hold an evidentiary hearing on the motion. 28 U.S.C. § 2255(b).

### 2. Ineffective Assistance of Counsel

Jones' claims of ineffective assistance of counsel are governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Jones must demonstrate that: (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.* at 688-92. Failure to establish either prong of the *Strickland* test will result in a denial of Jones' Sixth Amendment claims. *Id.* at 700.

### B. Counsel's Alleged Failure to Argue That Jones' Did Not "Use" His Gun When He Received it in a Trade for Drugs

On December 10, 2007, the Supreme Court held in *Watson v. United States*, - - - U.S. - - -, 128 S.Ct. 579 (2007), that trading drugs for a gun does not constitute "use" of the firearm as contemplated by § 924(c)(1)(A). Prior to *Watson*, however, a gun bartered for with drugs *was* considered to have been "used" — that is, no distinction was made between the act of trading drugs for a gun and the act of trading a gun for drugs. *See Bailey v. United States*, 516 U.S. 137, 148 (1995)("'[U]se' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm."). Therefore, at the time Jones pled guilty to violating § 924(c)(1)(A), his act of trading drugs for a gun was understood to constitute "use" of the gun in violation of that statute. *See United States v. Rayford*, 94 F.3d 657, 1 (10th Cir. 1996)(unpublished disposition).

The Court agrees with Jones that *Watson* created a new substantive rule that narrows the scope of § 924(c)(1)(A). While new substantive rules that narrow the scope of a criminal statute generally apply retroactively, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441

U.S. 780, 784 (1979). Jones must therefore prove "serious derelictions on the part of counsel sufficient to show that his plea was not [] a knowing and intelligent act." *Vasquez v. United States*, 2008 WL 622809, 5 (W.D.Tex. 2008)(citing *McMann v. Richardson*, 397 U.S. 759, 774 (1970)). Jones attempts to make this showing by arguing that his counsel was ineffective for not arguing that trading drugs for guns could not constitute "use" of the gun as contemplated by § 924(c)(1)(A).

The Sixth Amendment, of course, does not require counsel for a criminal defendant to be clairvoyant. *See United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995)(overruled on other grounds); *see also Wajda v. United States*, 64 F.3d 385, 388 (8th Cir.1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law.") As the Fifth Circuit has explained:

> counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective, nor does a plea later become invalid because it is predicated upon advice correct at the time, but later proved to be erroneous by reason of a subsequent decision ... Clairvoyance is not a required attribute of effective representation.

*Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972)(citations omitted).

Jones' argument presumes that clairvoyance *is* in fact a required attribute of effective representation, but the law clearly counsels otherwise. By pleading guilty, Jones assumed the risk that the law might change in his favor at a later date. Although Jones might have pled differently had *Watson* been the law at the time, Jones is now bound by his plea and his conviction because he has failed to prove that his counsel's failure to anticipate future changes in the law rendered his guilty plea an unknowing and unintelligent act.

**C.      Counsel's Alleged Failure to Argue That No Predicate Offense Existed to Support the § 924(c)(1)(A) Charge**

Jones next argues that his counsel allowed him to be charged with a violation of § 924(c)(1)(A) in the absence of a predicate offense. Jones offers no factual basis for this claim, and conclusory arguments are generally insufficient to support ineffective assistance of counsel claims. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The Court would note, however, that Jones was in fact charged by indictment with violating § 924(c)(1)(A) by using a gun "during and in relation to a drug trafficking crime for which he may be prosecuted." (Docket No. 10 at 1). Jones pled guilty to violating § 924(c)(1)(A) on October 25, 2006, thus obviating the need for the government to prove the existence of the alleged predicate drug trafficking crime. It is therefore clear that a predicate offense was in fact charged, and Jones does not argue the non-existence of a factual basis for his guilty plea to that charge.[1] Therefore, Jones has failed to prove that his counsel was constitutionally deficient in allowing him to be charged without a predicate offense as he alleges.

## CONCLUSION

The records of the case conclusively show that Jones is entitled to no relief on his claims. Therefore, the Court DENIES Jones' motion without evidentiary hearing.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[1] Additionally, if such an argument were made, it would likely be procedurally barred because it was not raised on direct appeal.