IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MORRIS RICHARD JONES,                )
                                     )
            Petitioner,              )
                                     )
                                     )
v.                                   )          No. 06-CR-160-JHP
                                     )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## ORDER

Before the Court is Petitioner Morris Richard Jones' Motion to Reconsider Under Rule 60(b) [Docket No. 46] in which he asks the Court to reconsider its Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket no. 44]. Because the Court finds that Petitioner's Rule 60(b) motion is actually a second or successive motion for relief under 28 U.S.C. § 2255, the motion is transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631.

## BACKGROUND

On August 10, 2006, Mr. Jones was charged in a criminal complaint with possession of a firearm after conviction of a felony, in violation of 18 U. S. C. § 922(g)(1) and 924(a)(2). On September 7, 2006, a federal grand jury returned a two-count Indictment against Jones charging him with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U. S. C. § 924(c)(1)(A), and possession of firearms and ammunition after former conviction of a felony in violation of 18 U. S. C. § 922(g)(1) and 924(a)(2). On October 25, 2006, Jones pled guilty to Count One of the Indictment, but indicated he wished to go to trial on Count Two. On November 8, 2006,

1

a federal grand jury returned a Superseding Indictment against Jones charging him with possession of firearms and ammunition after former conviction of a felony, in violation of 18 U. S. C. § 922(g)(1) and 924(a)(2). On November 9, 2006, Jones decided not to go to trial, instead pleading guilty to the Superseding Indictment. Jones was sentenced on February 28, 2007 to 60 months imprisonment on Count One of the original Indictment and to 24 months on Count One of the Superseding Indictment, both sentences to run consecutive to each other.

On March 10, 2008, Jones filed a Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255 (Docket No. 38). In the motion, Jones alleged that: (1) his attorney prejudiced him by "failing to investigate and thoroughly research the law pertaining to the instant case"; (2) his attorney prejudiced his defense when "she allowed the government to present a theory that Jones could be charged without a [p]redicat[e] offense"; and (3) "the Supreme Court made a substantive ruling" in *Watson v. United States*, - - -  U.S. - - -, 128 S.Ct. 579 (2007).

The Court  construed Jones' allegations as arguing ineffective assistance of counsel based on:(1) his counsel's failure to argue that trading drugs for a gun does not constitute "use" of the gun under § 924(c)(1)(A); and (2) his counsel's failure to argue the nonexistence of a predicate drug trafficking crime.  The Court denied Jones' § 2255 Motion finding that he failed to establish that his counsel was ineffective under the two-part test found in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984).

On April 24, 2009, Jones filed the instant Motion to Reconsider.  In the Motion to Reconsider, Jones argues that he is innocent of the crime he pled guilty to because the trading of drugs for a gun does not constitute "use" of the gun under § 924(c)(1)(A) and because no predicate offense existed to support the § 924(c)(1)(A) charge.  In response, the government argues that Jones'

Motion to Reconsider is actually a second or successive § 2255 Motion and the Court has no jurisdiction over the matter.

## <u>DISCUSSION</u>

Before a petitioner may file a second or successive motion under 28 U.S.C. § 2255 in the district court, he must successfully apply to the Tenth Circuit for order authorizing the court to consider the petition. 28 U.S.C. §§ 2244, 2255.  In *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998), the Tenth Circuit held that all Fed.R.Civ.P. 60(b) motions in habeas proceedings were to be treated as second or successive petitions for the purposes of  § 2244.  However, in *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) the Supreme Court declared 60(b) motions in habeas proceedings did not necessarily constitute second or successive petitions.  According to *Gonzalez*, a motion "is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding . . ." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).  On the other hand, "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the underlying conviction." *Id*. at 1215.    In addressing Jones' 60(b) motion, the Court must first determine whether the motion is a "true" Rule 60(b) motion or a second or successive petition. *Id*. at 1216.

Mr. Jones' motion is actually a second or successive habeas petition and not a "true" 60(b) motion.  In the instant motion, Jones does not challenge a procedural ruling or a defect in the habeas proceeding.  Rather, his motion reasserts his argument for federal relief which the Court addressed the merits of in its previous Order entered on May 8, 2008 [Docket no. 44].  Jones disagrees with the Court's analysis of the law regarding what constituted "use" of a gun under § 924(c)(1)(A) at

the time he pled guilty to the charge.  He again argues that his counsel was ineffective by not fully informing him that the law was unresolved and by not raising the issue with the Court.  In its previous ruling, the Court specifically addressed this argument and found this alleged error did not constitute ineffective assistance of counsel. [Docket no. 44, at 4-5].  In addition, Jones asserts that he has not committed a predicate drug trafficking offense that would support a § 924(c)(1)(A) charge.  This is slightly different from the argument in his first § 2255 motion.  In his first motion, he argued that his counsel was ineffective for allowing him to be charged under § 924(c)(1)(A) in the absence of a predicate drug trafficking offense.  Regardless of how he couches this argument, it is clearly not a procedural challenge, but a challenge regarding the merits of the underlying conviction.

In *Spitznas v. Boone*, the Tenth Circuit cited examples of Rule 60(b) motions that should be construed as second or successive habeas motions.  464 F.3d at 1216.  One such example was "a motion 'seeking vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim."  *Id*. (citing *Gonzalez,* 545 U.S. at 531).  This is precisely what Jones' motion seeks, vindication of his previous habeas claim by challenging the Court's ruling on the merits.   Accordingly, the Court must treat Jones' Rule 60(b) motion as a second habeas petition under § 2255.  Because Jones has already filed a previous § 2255 motion, the Court is without jurisdiction to consider the instant motion.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Tenth Circuit has held that "when a second or successive petition for habeas

relief under  § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).  Motions filed as Rule 60(b) motion, but which are actually successive habeas petitions should similarly be  transferred to the Tenth Circuit pursuant to § 1631.  *Spitznas*, 464 F.3d at 1216. Therefore, the Court transfers the instant motion to the circuit for authorization.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court hereby TRANSFERS Petitioner Morris Richard Jones' Motion to Reconsider Under Rule 60(b) [Docket No. 46] to the United States Court of Appeals for the Tenth Circuit.


IT IS SO ORDERED.


James H. Payne
United States District Judge
Northern District of Oklahoma